# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SPIRIT OF PENNSYLVANIA DINNER CHARTERS, INC.<br>333 N. Front Street<br>Philadelphia, PA 19106<br><br>   Plaintiff,<br><br>   v.<br><br>RIVERFRONT DEVELOPMENT CORPORATION OF DELAWARE<br>815 Justison Street<br>Wilmington, DE 19801<br><br>   Defendant. | )<br>)<br>)<br>)   C.A. No.  18-00756-VAC-CJB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## RIVERFRONT DEVELOPMENT CORPORATION OF DELAWARE

Defendant, Riverfront Development Corporation of Delaware ("RDC"), by and through its undersigned attorneys, hereby submits its Answer and Affirmative Defenses to the Complaint ("Complaint") of Plaintiff, Spirit of Pennsylvania Dinner Charters, Inc. ("Spirit of Pennsylvania" or "Plaintiff") as follows:

### VENUE

Venue is proper under 28 U.S.C. § 1391.  Jurisdiction is founded in diversity between Plaintiff, a citizen of Pennsylvania, and Defendant Riverfront Development Corporation of Delaware, and is thus proper under 28 U.S.C. § 1332.

The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

**RESPONSE:**

The allegations contained in this paragraph of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, RDC denies the allegations contained in this paragraph of the Complaint.

## THE PARTIES

1. Plaintiff is a Pennsylvania Corporation located at the above-referenced address.

**RESPONSE:**

Upon information and belief, admitted.

2. Defendant is a Delaware Corporation located at the above-referenced address.

**RESPONSE:**

Admitted.

3. On or about May 11, 2016, the parties entered into a contract for the sale of a ship, the Riverboat Queen, Hull No. SGU01508D888, whereby Plaintiff would sell the ship to Defendant under a Preferred Ship Mortgage, which is

attached hereto as Exhibit "A", for the sum of $200,000, together with an additional $50,000.

**RESPONSE:**

Admitted that on or about March 30, 2016, the parties entered into the Purchase of Riverboat Queen Agreement ("Agreement") for the purchase of the M/V Riverboat Queen, Hull No. SGU01508D888 (the "Riverboat Queen"). Pursuant to the Agreement, RDC agreed to pay a total of $250,000 for a seaworthy dinner-cruise boat – an initial payment of $50,000 and $200,000 balance to be paid with 5% interest over 48 months pursuant to a promissory note attached as Exhibit C to the Agreement. The May 11, 2016 Preferred Ship Mortgage referenced in the Complaint was also attached as Exhibit E to the Agreement. A copy of the Agreement is attached as Exhibit A and incorporated by reference.

4. A copy of the official U.S. Coast Guard Bill of Sale is attached hereto as Exhibit "B."

**RESPONSE:**

Admitted that the document attached as Exhibit B to the Complaint appears to be a copy of the U.S. Coast Guard Bill of Sale for the Riverboat Queen that was attached as Exhibit D to the Agreement.

5. At the same time, the Defendant signed a Promissory Note in Plaintiff's favor in the same amount. See Exhibit "C."

**RESPONSE:**

Admitted that RDC signed the Promissory Note (the "Note") that is attached as Exhibit C to the Agreement. Admitted that the document attached as Exhibit C to the Complaint appears to be a copy of the Note.

Further answering, the Note provides for an immediate right of setoff: "In the event any of the representations and warranties of Seller in the Agreement are breached, Maker shall be entitled to immediate setoff against amounts otherwise due hereunder for the amount of damages in full, as a result of such breach." Plaintiff breached the Agreement by selling the Riverboat Queen in a condition that was unseaworthy and non-compliant with federal law concerning safe operation of the Riverboat Queen, as well as the implied warranty of merchantability and implied warranty of fitness for a particular purpose, *e.g.*, that the Riverboat Queen would be fit to operate as a dinner-cruise boat – the intended use of the Riverboat Queen as known to Plaintiff at the time of its sale to RDC.

From the time Plaintiff sold the vessel to RDC, the Riverboat Queen required substantial repair work related to the seaworthiness of the vessel, including, but not limited to, the stern drives, the bilge pumps, and the heating ventilation and air

conditioning (HVAC) system. In order to pass the United States Coast Guard inspection, RDC was required to repair the aforementioned failures, which existed since the time RDC purchased the Riverboat Queen.

Wilmington Tug, Inc. ("Wilmington Tug") performed the necessary repairs at a total cost of $90,763. *See* September 26, 2017 letter from Wilmington Tug reflecting repairs to the Riverboat Queen with photographs, attached as Exhibit B and incorporated by reference. As such, Seller's representations and warranties impacting the ownership and operation of the Riverboat Queen, coupled with the implied warranty of merchantability and implied warranty of fitness for a particular purpose, were implicated. In light of this essential repair work performed to receive certification from the United States Coast Guard, RDC exercised its right in the Note to setoff against amounts otherwise due.

Moreover, in lieu of the immediate setoff the Note provides for, the RDC spread out the setoff by reducing the principal amount and making adjusted monthly payments to Plaintiff. RDC notified Plaintiff that it was exercising its right of setoff related to the repair work in its September 27, 2017 letter to Plaintiff's counsel (attached as Exhibit C and incorporated by reference). RDC also followed-up by letter directly with Plaintiff on November 29, 2017, advising that an adjusted payment consistent with the setoff had been made, and RDC would continue to make adjusted payments as detailed in RDC's September 27th

letter. A copy of RDC's November 29, 2018 letter is attached as Exhibit D and incorporated by reference.

On December 30, 2017, Alfred Krawitz, Plaintiff's president, faxed a purported "Notice of Default" to RDC's counsel for an unspecified "breach" of the Note, which RDC interpreted as Mr. Krawitz's incorrect assessment of the adjusted monthly payments. On January 12, 2018, RDC responded to Mr. Krawitz's notice referencing its earlier September 27th letter to counsel, reiterating why the setoff under the Note had been applied. *See* January 12, 2018 letter attached as Exhibit E and incorporated herein. That letter concluded by requesting whether Mr. Krawitz preferred that RDC exercise an immediate setoff as provided for in the Note in lieu of continuing to receive the adjusted monthly payments prorated by the setoff amount. RDC received no response and continued making adjusted monthly payments.

In fact, Plaintiff has accepted *every* adjusted monthly payment that RDC has made, and has continued to accept such adjusted monthly payments even after filing its Complaint. Plaintiff has never rejected any such payments or notified RDC of its intent to refuse such adjusted payments.

6.     A breach had occurred in the non-payment by Defendant to Plaintiff on or about December 26, 2017; see Notice of Default. See Exhibit "D."

**RESPONSE:**

Denied that RDC has breached the Agreement, Ship's Mortgage, Note, or any other agreement with Plaintiff. Further answering, Plaintiff's allegation of "non-payment" is without merit. As detailed above, RDC has consistently made payments to Plaintiff since the execution of the Agreement, and Plaintiff has accepted and deposited all of RDC's payments without protest. Plaintiff has accepted *every* adjusted monthly payment reflecting the authorized setoff under the Note that RDC has made, and continued to accept such adjusted monthly payments even after filing its Complaint. Plaintiff has never rejected any such payments or notified RDC of its intent to refuse such adjusted payments.


7.     Pursuant to the Note, the entire balance due under the agreement was therefore due and owing as of December 26, 2017, said total being $133,684.07.

**RESPONSE:**

Denied. RDC has not breached the Agreement, Ship's Mortgage, Note, or any other agreement with Plaintiff, and RDC was (and is) entitled to setoff in the amount of the necessary repairs made – and paid for by RDC – as a result of the Coast Guard's determination that the Riverboat Queen was not compliant with

applicable federal law and regulations. Moreover, Plaintiff has accepted *every* adjusted monthly payment reflecting the authorized setoff under the Note that RDC has made, and has continued to accept such adjusted monthly payments even after filing its Complaint. Plaintiff has never rejected any such payments or notified RDC of its intent to refuse such adjusted payments.

8. Pursuant to the Note, the costs of suit and reasonable attorney's fees, and any other damages allowed by law are chargeable to the Defendant and shall be determined at the end of this case.

**RESPONSE:**

Denied that Plaintiff is entitled to any damages, costs, or attorney's fees.

9. The Defendant is not entitled to any set-off, credit, or a discount.

**RESPONSE:**

Denied. To the contrary, RDC is entitled to setoff under the Note and as a result of Plaintiff's breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose. *See* RDC's responses to Paragraphs 3-7 of the Complaint above.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE CLAIM

The Complaint fails to state a claim, or claims, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE – SETOFF

Plaintiff's claims are barred by the doctrine of setoff. RDC was, and is, entitled to setoff of the purchase price pursuant to the Note, and under the implied warranty of merchantability and implied warranty of fitness for a particular purpose, which Plaintiff breached.

### THIRD AFFIRMATIVE DEFENSE – UNCLEAN HANDS

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff conveyed the Riverboat Queen to RDC despite knowing that the vessel was non-compliant with federal law and regulations concerning the seaworthiness of the cruise boat, and in breach of the implied warranty of merchantability and the implied warranty of fitness for a particular purpose.

### FOURTH AFFIRMATIVE DEFENSE – JUSTIFICATION

Plaintiff's claims are barred by the doctrine of justification. RDC was, and is, entitled to setoff of the purchase price pursuant to the Note, and the implied

warranty of merchantability and implied warranty of fitness for a particular purpose under the Note.

### FIFTH AFFIRMATIVE DEFENSE – ACQUIESCENCE/WAIVER

Plaintiff's claims are barred by the doctrine of acquiescence and waiver. RDC has consistently made payments to Plaintiff since the execution of the Agreement, and Plaintiff has accepted and deposited all of RDC's payments without protest. Plaintiff has accepted *every* adjusted monthly payment reflecting the authorized setoff under the Note that RDC has made, and continued to accept such adjusted monthly payments even after filing its Complaint. Plaintiff has never rejected any such payments or notified RDC of its intent to refuse such adjusted payments.

### SIXTH AFFIRMATIVE DEFENSE – FURTHER DEFENSES

RDC reserves the right to raise additional affirmative defenses as they may become available through discovery or otherwise.

**MONZACK MERSKY MCLAUGHLIN AND BROWDER, P.A.**

*/s/ Michael C. Hochman*
Melvyn I. Monzack, Esquire (DE #137)
Michael C. Hochman, Esquire (DE #4265)
1201 North Orange Street, Suite 400
Wilmington, DE 19801
Telephone:  (302) 656-8162
Facsimile:  (302) 656-2769
Email:  *mmonzack@monlaw.com*
Email:  *mhochman@monlaw.com*

*Attorneys for Defendant Riverfront Development Corporation of Delaware*

DATED:  August 15, 2018